## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICKEY WHITE,** | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV 24-450-RAW-JAR |
| **CASEY HAMILTON, Warden,**[1] | ) ) ) |
| Respondent. | ) ) |

### OPINION AND ORDER

On November 19, 2024, Petitioner Ricky White filed a "Post Conviction Application Appeal," which the Court construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. 1). Petitioner is a pro se state petitioner who serving a sentence of life with the possibility of parole for First Degree Murder in Choctaw County District Court Case No. CRF-81-83. *See* Oklahoma Department of Corrections Offender website at https://ok-offender.doc.ok.gov/.[2]

Construing the petition liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court finds Petitioner is challenging the execution of his sentence. He is arguing his life sentence does not mean life without discharge. (Dkt. 1 at 2). He further claims that the sentencing scheme under which he was sentenced gave him a right to be considered for commutation. *Id*. at 2.

---

[1] Casey Hamilton is substituted as the proper respondent in this case, because Hamilton is Petitioner's custodian at Great Plains Correctional Center in Hinton, Oklahoma. *See Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995) (citing 28 U.S.C. § 2243; *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973)); *Von Kahl v. United States*, 321 F. App'x 724, 727 n.1, 2009 WL 799024, at *1 (Mar. 27, 2009) (unpublished) ("A § 2241 petition is properly addressed to the person with custody over the petitioner," pursuant to 28 U.S.C. § 2242). The case name is hereby changed to *Rickey White, Petitioner, v. Casey Hamilton, Warden, Respondent*.

[2] The Court takes judicial notice of the Oklahoma Department of Corrections offender website pursuant to Fed. R. Evid. 201. *See Triplet v. Franklin*, 365 F. App'x 86, 92, 2010 WL 409333, at *6 n.8 (10th Cir. Feb. 5, 2010).

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731)).

While Petitioner's petition was captioned as a post-conviction appeal, he has presented no evidence that he has exhausted the post-conviction remedies for his claim in both the state district court and the Oklahoma Court of Criminal Appeals (OCCA). A search of the Oklahoma State Courts Network at https://www.oscn.net, reveals that he filed a post-conviction application in the Choctaw County District Court on November 12, 2024. The application, which raises the same issue of the execution of his life sentence, has not yet been decided, much less appealed to the OCCA. *Id.* The Court, therefore, finds Petitioner's habeas corpus petition is unexhausted and must be dismissed without prejudice.

The Court also finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). Further, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**,

1.  Casey Hamilton, Warden, is substituted as the Respondent in this action, and the case name is changed to *Rickey White, Petitioner, v. Casey Hamilton, Warden, Respondent*.

. 2.  Petitioner's petition for a writ of habeas corpus (Dkt. 1) is dismissed without prejudice.

3.  Petitioner is denied a certificate of appealability.

4.  Petitioner's motion for leave to proceed *in forma pauperis* is denied as moot.

**IT IS SO ORDERED** this 5th day of December 2024.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE